**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**

**CHAPTER 13 PLAN**
**AND RELATED MOTIONS**

Name of Debtor(s):  **Gail Diane Chambers**      Case No: **15-30511**

This plan, dated **February 24, 2015**, is:

- ■ the *first* Chapter 13 plan filed in this case.
- ☐ a modified Plan, which replaces the
  ☐confirmed or ☐unconfirmed Plan dated .

  Date and Time of <u>Modified Plan</u> Confirming Hearing:

  Place of <u>Modified Plan</u> Confirmation Hearing:

  The Plan provisions modified by this filing are:

  Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

  Total Assets: **$21,221.00**
  Total Non-Priority Unsecured Debt: **$118,046.30**
  Total Priority Debt: **$0.00**
  Total Secured Debt: **$18,150.00**

1. **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$150.00 Monthly for 1 month, then $625.00 Monthly for 59 months**. Other payments to the Trustee are as follows:   **NONE**  . The total amount to be paid into the plan is $   **37,025.00**   .

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

       1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
       2. Debtor(s)' attorney will be paid $  **4,460.00**   balance due of the total fee of $  **5,000.00**   concurrently with or prior to the payments to remaining creditors.

    B. **Claims under 11 U.S.C. §507.**
       The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| -NONE- | | | |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A. **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

   This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.**
   The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **Santander Consumer Usa** | **2003 BMW Z4 (25,000 miles)** -Value taken from NADA (fair condition - needs new battery - $8375) *Retail $9525 | **Opened 12/01/10** Last Active 1/30/15 | **17,902.18** | **9,525.00** |
| **Santander Consumer Usa** | **2006 Lincoln Zephyr (49,000 miles)** Value taken from NADA (good condition - $9187) *Retail $8625 | **Opened 11/01/09** Last Active 11/22/14 | **17,721.32** | **8,625.00** |

    B. **Real or Personal Property to be Surrendered.**

   Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **-NONE-** | | | |

C. **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Santander Consumer Usa** | **2003 BMW Z4 (25,000 miles) -Value taken from NADA (fair condition - needs new battery - $8375) *Retail $9525** | 100.00 | Trustee |
| **Santander Consumer Usa** | **2006 Lincoln Zephyr (49,000 miles) Value taken from NADA (good condition - $9187) *Retail $8625** | 100.00 | Trustee |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D. **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **Santander Consumer Usa** | **2003 BMW Z4 (25,000 miles) -Value taken from NADA (fair condition - needs new battery - $8375) *Retail $9525** | 7,388.73 | 4.75% | Prorata 34 months |
| **Santander Consumer Usa** | **2006 Lincoln Zephyr (49,000 miles) Value taken from NADA (good condition - $9187) *Retail $8625** | 5,188.71 | 4.75% | Prorata 34 months |

E. **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4. **Unsecured Claims.**

   A. **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __10__ %. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

    **B.**    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

**5.** **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    **A.**    **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

    **B.**    **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

    **C.**    **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

**6.** **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

    **A.**    **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

    **B.**    **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**7.** **Liens Which Debtor(s) Seek to Avoid.**

    **A.** **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

    **B.** **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.** **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.** **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.** **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

**11.    Other provisions of this plan:**
**The Chapter 13 Trustee is authorized to extend the term of the plan as necessary in order to maintain the minimum percentage payout to unsecured creditors as set forth in the Chapter 13 Plan.**

**I. Payment of Attorney Fees and Costs - The claims for attorney fees and costs shall be paid by all funds available on first disbursement after confirmation of the plan (fees) and entry of proof of claim for actual costs (costs), and until such claims for attorney fees and costs is paid in full, except as reserved for adequate protection payments on allowed secured claims (if any), and Trustee commissions.**

**II. Adequate Protection - creditors with allowed secured claims provided for in section 3.A & 3.B shall be paid monthly adequate protection payments through the Ch. 13 Trustee until plan confirmation as follows:**

**Santander (Lincoln): $200/month**
**Santander BMW): $200/month**

**The amounts listed above shall be remitted only upon the actual filing of a creditors proof of claim or as required by local rules and U.S. Bankruptcy Law.**

**III. Direct Payments on Secured Debts:**
**To be paid directly by debtor, co-debtor, or third party. Creditors named below whose claims are allowed will be paid directly by debtor, co-debtor, or third party in accordance with the terms of the contract and security agreement.**

**Creditor: n/a**

**Signatures:**

**Dated:    February 24, 2015**

**/s/ Gail Diane Chambers**                                **/s/ Nisha M. Patel**
**Gail Diane Chambers**                                    **Nisha M. Patel 83302**
**Debtor**                                                 **Debtor's Attorney**

**Exhibits:    Copy of Debtor(s)' Budget (Schedules I and J);**
**Matrix of Parties Served with Plan**

Certificate of Service

I certify that on    **February 24, 2015**   , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

**/s/ Nisha M. Patel**
**Nisha M. Patel 83302**
Signature

**9101 Midlothian Turnpike**
**Suite 800**
**Richmond, VA 23235**
Address

**(804) 377-9431**
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Fill in this information to identify your case:

Debtor 1: **Gail Diane Chambers**

Debtor 2: 
(Spouse, if filing)

United States Bankruptcy Court for the: EASTERN DISTRICT OF VIRGINIA

Case number: **15-30511**
(If known)

Check if this is:
☐ An amended filing
☐ A supplement showing post-petition chapter 13 income as of the following date:

___ / ___ / _____
MM / DD / YYYY

# Official Form B 6I
## Schedule I: Your Income                                                        12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

   |  | **Debtor 1** | **Debtor 2 or non-filing spouse** |
   |---|---|---|
   | **Employment status** | ■ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
   | **Occupation** |  |  |
   | **Employer's name** | **City of RIchmond** |  |
   | **Employer's address** | **900 E. Broad Street**<br>**10th Floor, Room 1003**<br>**Richmond, VA 23219** |  |
   | **How long employed there?** | **August 1994** |  |

### Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|  | | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2.  $ **3,023.39** | $ **N/A** |
| 3. | **Estimate and list monthly overtime pay.** | 3. +$ **0.00** | +$ **N/A** |
| 4. | **Calculate gross Income.** Add line 2 + line 3. | 4.  $ **3,023.39** | $ **N/A** |

Official Form B 6I                              **Schedule I: Your Income**                                             page 1

Debtor 1  **Gail Diane Chambers**　　　　　　　　　　　　　　　　　　Case number (*if known*)  **15-30511**

|  |  | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|
|  | **Copy line 4 here** ............................ 4. | $  **3,023.39** | $  **N/A** |

5. **List all payroll deductions:**

| | | | |
|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions**   5a. | $  **231.29** | $  **N/A** |
| 5b. | **Mandatory contributions for retirement plans**   5b. | $  **0.00** | $  **N/A** |
| 5c. | **Voluntary contributions for retirement plans**   5c. | $  **0.00** | $  **N/A** |
| 5d. | **Required repayments of retirement fund loans**   5d. | $  **0.00** | $  **N/A** |
| 5e. | **Insurance**   5e. | $  **30.23** | $  **N/A** |
| 5f. | **Domestic support obligations**   5f. | $  **0.00** | $  **N/A** |
| 5g. | **Union dues**   5g. | $  **0.00** | $  **N/A** |
| 5h. | **Other deductions.** Specify: _____  5h.+ | $  **0.00** + | $  **N/A** |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.  6.  $  **261.52**   $  **N/A**

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.  7.  $  **2,761.87**   $  **N/A**

8. **List all other income regularly received:**

   8a. **Net income from rental property and from operating a business, profession, or farm**
   Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.  8a.  $  **0.00**   $  **N/A**

   8b. **Interest and dividends**  8b.  $  **0.00**   $  **N/A**

   8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
   Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.  8c.  $  **0.00**   $  **N/A**

   8d. **Unemployment compensation**  8d.  $  **0.00**   $  **N/A**

   8e. **Social Security**  8e.  $  **0.00**   $  **N/A**

   8f. **Other government assistance that you regularly receive**
   Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
   Specify: **Daughter's SSI**  8f.  $  **335.00**   $  **N/A**

   8g. **Pension or retirement income**  8g.  $  **0.00**   $  **N/A**

   8h. **Other monthly income.** Specify: _____  8h.+  $  **0.00** + $  **N/A**

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.  9.  $  **335.00**   $  **N/A**

10. **Calculate monthly income.** Add line 7 + line 9.  10.  $  **3,096.87** + $  **N/A** = $  **3,096.87**
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in Schedule J.**
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
    Specify: _____  11.  +$  **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies  12.  $  **3,096.87**
    **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
    ■  No.
    ☐  Yes. Explain: _____

Fill in this information to identify your case:

Debtor 1: **Gail Diane Chambers**

Debtor 2 (Spouse, if filing):

United States Bankruptcy Court for the: EASTERN DISTRICT OF VIRGINIA

Case number: **15-30511** (If known)

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing post-petition chapter 13 expenses as of the following date:
  MM / DD / YYYY
- ☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form B 6J
# Schedule J: Your Expenses                                             12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Your Household

1. **Is this a joint case?**
   - ■ No. Go to line 2.
   - ☐ Yes. **Does Debtor 2 live in a separate household?**
     - ☐ No
     - ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?** ☐ No   ■ Yes. Fill out this information for each dependent.
   Do not list Debtor 1 and Debtor 2.
   Do not state the dependents' names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Daughter | 32 | ☐ No   ■ Yes |
|  |  | ☐ No   ☐ Yes |
|  |  | ☐ No   ☐ Yes |
|  |  | ☐ No   ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   - ■ No
   - ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

**Your expenses**

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    4. $ **1,000.00**

   **If not included in line 4:**

   4a. Real estate taxes                                          4a. $ **0.00**
   4b. Property, homeowner's, or renter's insurance               4b. $ **16.00**
   4c. Home maintenance, repair, and upkeep expenses              4c. $ **0.00**
   4d. Homeowner's association or condominium dues                4d. $ **0.00**
5. **Additional mortgage payments for your residence,** such as home equity loans    5. $ **0.00**

Debtor 1  **Gail Diane Chambers**                                  Case number (if known)  **15-30511**

6. **Utilities:**
   - 6a. Electricity, heat, natural gas — 6a. $ **225.00**
   - 6b. Water, sewer, garbage collection — 6b. $ **40.00**
   - 6c. Telephone, cell phone, Internet, satellite, and cable services — 6c. $ **85.00**
   - 6d. Other. Specify: — 6d. $ **0.00**
7. **Food and housekeeping supplies** — 7. $ **350.00**
8. **Childcare and children's education costs** — 8. $ **0.00**
9. **Clothing, laundry, and dry cleaning** — 9. $ **50.00**
10. **Personal care products and services** — 10. $ **25.00**
11. **Medical and dental expenses** — 11. $ **125.00**
12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. — 12. $ **200.00**
13. **Entertainment, clubs, recreation, newspapers, magazines, and books** — 13. $ **25.00**
14. **Charitable contributions and religious donations** — 14. $ **75.00**
15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20.
    - 15a. Life insurance — 15a. $ **0.00**
    - 15b. Health insurance — 15b. $ **0.00**
    - 15c. Vehicle insurance — 15c. $ **117.00**
    - 15d. Other insurance. Specify: **AAA** — 15d. $ **8.95**
16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: — 16. $ **0.00**
17. **Installment or lease payments:**
    - 17a. Car payments for Vehicle 1 — 17a. $ **0.00**
    - 17b. Car payments for Vehicle 2 — 17b. $ **0.00**
    - 17c. Other. Specify: — 17c. $ **0.00**
    - 17d. Other. Specify: — 17d. $ **0.00**
18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).** — 18. $ **0.00**
19. **Other payments you make to support others who do not live with you.** Specify: — 19. $ **0.00**
20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.**
    - 20a. Mortgages on other property — 20a. $ **0.00**
    - 20b. Real estate taxes — 20b. $ **0.00**
    - 20c. Property, homeowner's, or renter's insurance — 20c. $ **0.00**
    - 20d. Maintenance, repair, and upkeep expenses — 20d. $ **0.00**
    - 20e. Homeowner's association or condominium dues — 20e. $ **0.00**
21. **Other:** Specify: **Work lunches** — 21. +$ **25.00**
    **Pet expenses (food, vet, grooming)** — +$ **100.00**
22. **Your monthly expenses.** Add lines 4 through 21. The result is your monthly expenses. — 22. $ **2,466.95**
23. **Calculate your monthly net income.**
    - 23a. Copy line 12 *(your combined monthly income)* from Schedule I. — 23a. $ **3,096.87**
    - 23b. Copy your monthly expenses from line 22 above. — 23b. -$ **2,466.95**
    - 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. — 23c. $ **629.92**

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    ■ No.
    ☐ Yes. Explain:

```
Anesthesia Associates of Rich
P O Box 17978
Richmond, VA 23226-7978


Banfield The Pet Hospital
12100 Inwood Road
Dallas, TX 75244


Birchwood at Boulders LLC
725 Boulder Spring Drive
Richmond, VA 23225


Capital 1 Bank
Attn: General Correspondence
Po Box  30285
Salt Lake City, UT 84130


Cavalier Telephone
P. O Box 2950
Richmond, VA 23228


Dept Of Education/neln
121 S 13th St
Lincoln, NE 68508


Dominion Power
P. O. Box 26543
Richmond, VA 23290-0001


Enhanced Recovery Corp
Attention: Client Services
8014 Bayberry Rd
Jacksonville, FL 32256


First Virginia
9121 Staples Mill Road
Henrico, VA 23228


Integrity Solution Svc
20 Corporate Hills Dr
Saint Charles, MO 63301


Navient
```

```
Portfolio Recovery
Attn: Bankruptcy
Po Box 41067
Norfolk, VA 23541


Santander Consumer Usa
8585 N Stemmons Fwy Ste 1100-N
Dallas, TX 75247


Stern & Associates
415 N Edgeworth St Ste 2
Greensboro, NC 27401


University Of Phoenix
4025 S Riverpoint Parkway
Phoenix, AZ 85040


Virginia Eye Institute
PO Box 34429
Seattle, WA 98123
```